IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEVEN A. MOSLEY,
SHERYL M. MOSLEY, RONALD
KELTNER, and GINNY KELTNER                                              PLAINTIFFS

v.                               Case No. 4:17-cv-00500 KGB

JIM MORLEY, in his official capacity as
Director of Building, Code Enforcement
and Permits for the City of Maumelle and
CITY OF MAUMELLE, ARKANSAS                                              DEFENDANTS

**OPINION AND ORDER**

Before the Court is a motion for partial summary judgment filed by plaintiffs Steven A. Mosley, Sheryl M. Mosley, Ronald Keltner, and Ginny Keltner (Dkt. No. 30). Defendants Jim Morley, in his official capacity as Director of Building, Code Enforcement and Permits for the City of Maumelle, and the City of Maumelle, Arkansas (collectively, "the City"), have responded in opposition (Dkt. No. 35, 40). Plaintiffs have replied (Dkt. No. 37, 42). For the reasons that follow, the Court denies the motion (Dkt. No. 30).

**I.     Factual Background**

Plaintiffs, residents of Maumelle, Arkansas, bring this 42 U.S.C. § 1983 action seeking declaratory and injunctive relief against the City. Plaintiffs argue in their present motion that certain of the City's fence ordinances violate the Equal Protection guarantees of both the United States and Arkansas Constitutions. The Court summarized the factual background of this matter in a prior Order and adopts and incorporates by reference that summary (Dkt. No. 48). Unless otherwise noted, the following additional facts are taken from plaintiffs' statement of undisputed material facts (Dkt. No. 30-2), the City's response to plaintiffs' statement of undisputed material

facts (Dkt. No. 39), and plaintiffs' reply to the City's response to plaintiffs' statement of undisputed material facts (DKt. No. 42-2).

Between 2002 and 2004, the City transferred ownership of all the fences it had previously maintained to the residents themselves, including the residents of the Rolling Oaks Addition (Dkt. No. 39, at 3). Residents had the option of accepting the transfer of these fences or having the fences removed by the City (*Id.*). Residents who accepted these fences implicitly agreed, as a condition of acceptance, to comply with the City's fencing ordinances (*Id.*). At the time fences were transferred to the residents, there was no city ordinance prohibiting fences from extending beyond the owner's property line (*Id.*). Thus, the position of those fences that extended beyond the owner's property line violated no city ordinance until the enactment of new ordinances prohibiting such extensions in 2011 (*Id.*).

In 2016, at least one Rolling Oaks Addition homeowner wished to repair or reconstruct her damaged fence (*Id.*). Her fence had been erected prior to 2006 and extended beyond her property line (*Id.*). The owner "was prohibited from repair[ing], replacing or reconstructing her fence" due to the 2011 ordinance (Dkt. No. 30-2, ¶ 6). The Maumelle Code Enforcement contended that the fence at issue had lost its exempt status under the new ordinance and could no longer be repaired in its original location, which was beyond the owner's property line (Dkt. No. 39, at 3).

On September 6, 2016, the City enacted Ordinance 910 (Dkt. No. 30-2, ¶ 8). Ordinance 910 exempted Rolling Oaks Addition residents from the prohibition that a fence could not extend beyond the owner's property line in the event that fence was replaced or repaired (Dkt. No. 39, at 4). Ordinance 933 was then enacted by the City in order to narrow the scope of the exemption in Ordinance 910 to Lots 1, 68-92, and 105 of the Rolling Oaks Addition (Dkt. Nos. 30-1, at 13; 39, at 4). The parties agree that the City made a special exemption for the residents of the Rolling

Oaks Addition (Dkt. No. 39, at 4). The parties agree that only certain residents of the Rolling Oaks Addition were allowed to repair, reconstruct, or replace fences extending beyond property lines (*Id.*, at 4). Plaintiffs contend that the City admitted that the City treats citizens of Maumelle in a fundamentally different manner (Dkt. No. 30-1, at 15).

The parties agree that Mr. and Mrs. Mosley's side fences were in existence prior to November 1, 2006, and that, at the time the side fences were installed, the fences did not illegally extend beyond the property line (Dkt. No. 39, at 3-4). Mr. and Mrs. Mosley and Mr. and Mrs. Keltner do not live in the Rolling Oaks Addition and thus were not exempt under Ordinances 910 and 933 (Dkt. No. 39, at 4). On November 21, 2016, the City Council denied the variance request submitted by Mr. and Mrs. Mosley. Plaintiffs now move for partial summary judgment on the issue of whether the City has violated plaintiffs' rights under the Equal Protection clauses of the United States and Arkansas Constitutions.

**II.   Summary Judgment Standard**

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of

material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The quantum of proof that the nonmoving party must produce is not precisely measurable, but it must be "enough evidence so that a reasonable jury could return a verdict for the nonmovant." *Id*. at 257. On a motion for summary judgment, the court views all the facts in the light most favorable to the nonmoving party and gives that party the benefit of all reasonable inferences that can be drawn from the facts. *Rakes v. Life Investors Ins. Co. of Am.,* 582 F.3d 886, 893 (8th Cir. 2009).

### III.  Discussion

#### A.  Federal Rule Of Civil Procedure 56(c)(1)

In response to plaintiffs' motion for partial summary judgment, the City argues that plaintiffs' motion does not comply with Federal Rule of Civil Procedure 56(c)(1) because plaintiffs' assertions of fact are not supported by citations to admissible evidence (Dkt. No. 35, at 1). Plaintiffs submit that their statements are supported by citation to the record evidence, in particular citations to the City's answer (Dkt. No. 37, at 1-2). Plaintiffs in turn argue that the City has not complied with Rule 56(c)(1) (Dkt. No. 37, at 2).

A party moving for, or opposing, summary judgment, must support the party's assertions by citing to particular parts of materials in the record. Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record such as depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the

motion only), admissions, interrogatory answers, or other materials"). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

The Court has considered the entirety of the record before it in this action. Fed. R. Civ. P. 56(c)(3) ("The Court . . . may consider other materials in the record."). The Court will not deny plaintiffs' motion for partial summary judgment on this basis.

### B. Local Rule 56.1

The City also argues that plaintiffs' motion does not contain a separate, short, and concise statement of material facts as required by Local Rule 56.1 of the Local Rules for the Eastern and Western Districts of Arkansas (Dkt. No. 35, at 1). Plaintiffs in turn argue that the City has not complied with this Rule (Dkt. No. 37, at 3). The Court has considered the entirety of the record before it, including but not limited to plaintiffs' statement of undisputed material facts (Dkt. No. 30-2) and the City's response to plaintiffs' statement of undisputed material facts (Dkt. No. 39). The Court will not deny plaintiffs' motion for partial summary judgment on this basis.

### C. Ripeness Of Plaintiffs' Motion For Partial Summary Judgment

The City next argues that plaintiffs' motion is ill-timed and contends that it has not been given the opportunity to conduct sufficient discovery in this matter. The City requests that plaintiffs' motion be denied pursuant to Federal Rule of Civil Procedure 56(d). The Court addressed this argument in its prior Order granting plaintiffs' motion for summary judgment on the issue of exhaustion (Dkt. No. 48, at 8-11). The Court incorporates by reference that discussion and applies it to the present motion for partial summary judgment. The Court will not deny plaintiffs' motion for partial summary judgment on this basis.

### D. Equal Protection Claim

Plaintiffs claim that there are no disputed material facts with respect to the issue of whether the City violated plaintiffs' rights under the Equal Protection Clauses of the United States and Arkansas Constitutions. Plaintiffs maintain therefore that they are entitled to partial summary judgment as a matter of law on this claim.

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Nolan v. Thompson,* 521 F.3d 983, 989 (8th Cir. 2008); *Henry v. Metro. Sewer Dist.,* 922 F.2d 332, 341 (6th Cir. 1990) (citing *Johnson v. Morel,* 876 F.2d 477, 479 (5th Cir. 1989) (en banc)). If plaintiffs do not assert that they are members of a protected class, they must prove that they were "treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (stating that, to allege a "class-of-one" equal protection claim, the plaintiff must assert that "he had been intentionally treated differently than others similarly situated and that there is no rational basis for the difference in treatment"); *see also Nolan,* 521 F.3d at 989-90.

Since plaintiffs do not allege in this action that they are members of a suspect class, or that a fundamental right has been infringed, plaintiffs' claim is subject to rational basis review. *Hawkeye Commodity Promotions, Inc. v. Vilsack,* 486 F.3d 430, 442 (8th Cir. 2007) ("When an equal protection claim is neither based on a 'suspect class' nor grounded in a fundamental right, it is subject to a rational basis review.") (quoting *Gillmore v. County of Douglas,* 406 F.3d 935, 937 (8th Cir. 2005)). Under the rational basis test, an ordinance carries a presumption of rationality that can only be overcome "by a clear showing of arbitrariness and irrationality." *Bannum, Inc. v. City of St. Charles, Mo.,* 2 F.3d 267, 270 (8th Cir. 1993); *see also F.C.C. v. Beach*

*Communications,* 508 U.S. 307, 314 (1993) ("On rational-basis review, a classification in a statute. . . comes to us bearing a strong presumption of validity."). The ordinance will not be overturned "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the [City's] actions were irrational." *Bannum,* 2 F.3d at 271. Accordingly, in challenging the governmental action on Equal Protection grounds, it is plaintiffs' burden to "negate 'every conceivable basis which might support the classification.'" *Hawkeye Commodity Promotions*, 486 F.3d at 443 (quoting *Gillmore*, 406 F.3d at 939).

The parties agree that plaintiffs are not a suspect class. The City argues that plaintiffs are not similarly situated to the residents of the Rolling Oaks Addition because: (1) the fence shared by Mr. and Mrs. Mosley and Mr. and Mrs. Keltner extends on to common property held by the Maumelle Land Development Company whereas the fences belonging to Rolling Oaks Addition residents from 13 to 39 Pin Oak Loop encroach onto common property belonging to the City of Maumelle; and (2) the City gave the Rolling Oaks Addition residents their fences while the plaintiffs did not receive their fences from the City (Dkt. No. 40, at 3). The City submits that these reasons provide a rational basis for the City's ordinances. The City further argues that the fences were given to the residents of the Rolling Oaks Addition to save the City the cost of repairing fences located on the City's common property (*Id.*). The City also submits that the City based its decision in part on the mayor's estimate that it would cost approximately $1,500.00 to $2,000.00 per lot plus the cost of survey to move the fences back to the actual property lines (*Id.*). The City contends that it projected that citizens would not repair the fences and that, in fact, one resident of the area has already let his or her fence fall into disrepair rather than lose that portion of backyard on City common property (*Id.*, at 3-4). The City contends that it passed the ordinances to "save

7

the City money and to keep this area from being dilapidated due to the fence being in disrepair." (*Id.*).

Plaintiffs argue that the residents of the Rolling Oaks Addition and plaintiffs are similarly situated in all relevant aspects because: (1) both have fences that were originally exempted from City ordinances under a "grandfather provision;" (2) both have fences that extend beyond the owner's property line; (3) there was no ordinance in effect prohibiting such extensions at the time members of both groups received their fences; (4) both groups attempted to repair their fences; and (5) the City permitted Rolling Oaks Addition residents to repair their fences but threatened Mr. Keltner with criminal prosecution if he did not remove the repaired portion of his fence that extended beyond his property line (Dkt. No. 30-1, at 20).

Plaintiffs argue that the City has not offered a rational basis for distinguishing its treatment of the Rolling Oaks Addition residents from plaintiffs and that the City's ordinances exempting the Rolling Oaks Addition residents are wholly arbitrary (Dkt. No. 30, at 9). Plaintiffs contend that there is no conceivable set of circumstances that can form a rational basis for the ordinances because the responses submitted by the City to plaintiffs' discovery requests amount to an admission by the City that there is no rational basis for discriminating between the residents of the Rolling Oaks Addition and other residents of Maumelle (*Id.*, at 11). Plaintiffs further argue that the City has attempted to create dissimilar classifications between Rolling Oaks Addition residents and plaintiffs.

Plaintiffs submit that the City's responses to multiple interrogatories propounded by plaintiffs do not demonstrate a rationale sufficient to withstand rational basis review (Dkt. No. 30-1, at 23-28). Specifically, plaintiffs argue that the City has "expressly disavowed" in its discovery responses the rationale that Rolling Oaks Addition residents were given special consideration

8

because they had been given their fences by the City (*Id.*, at 23). Plaintiffs argue that the City's discovery responses also fail to offer any rationale for exempting the Rolling Oaks Addition residents or, alternatively, that the only rationale was based solely on the City's power to enact ordinances and that this is inadequate as a matter of law (*Id.*, at 25, 28).

The Court determines that, construing all record evidence in favor of the City as this Court is required to do at this stage of the proceedings, the City has presented record evidence which raises a genuine issue of material fact as to whether the City's rationale is sufficient to justify enactment of its ordinances. *Holt Civic Club v. Tuscaloosa,* 439 U.S. 60, 74 (1978). Plaintiffs have failed to undermine through record evidence the rational basis offered by the City for the differentiation between the Rolling Oaks Addition residents and plaintiffs and, therefore, have failed "to negate every conceivable basis which might support" the ordinances. *Beach Communications,* 508 U.S. at 315. The Court is unconvinced that the City's responses to plaintiffs' discovery requests in some way negate as a matter of law the rationale offered by the City in response to plaintiffs' motion for partial summary judgment. Further, plaintiffs carry the burden of convincing the factfinder that the treatment given them by the City under the ordinances is "so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational." *Bannum,* 2 F.3d at 271 (citing *Vance v. Bradley,* 440 U.S. 93, 97 (1979)). Plaintiffs have failed to carry this burden at the summary judgment stage and, therefore, failed to demonstrate as a matter of law that the City violated plaintiffs' Equal Protection guarantees under the United States and Arkansas Constitutions. The Court denies plaintiffs' motion for partial summary judgment (Dkt. No. 30). The City has not moved for summary judgment on these claims. On the record before the Court, the Court concludes there are genuine issues of material fact in dispute. *See Doctor John's, Inc. v. City of Sioux City, IA*, 467 F.Supp.2d

925 (N.D. Iowa 2006), *order clarified sub nom. Doctor John's, Inc. v. Sioux City,* No. C 03-4121-MWB, 2007 WL 200927 (N.D. Iowa Jan. 13, 2007), *order clarified*, *Doctor John's, Inc. v. Sioux City,* No. C 03-4121-MWB, 2007 WL 200928 (N.D. Iowa Jan. 16, 2007) (examining trial issues with respect to Equal Protection claim); *see also Conlin v. City of Des Moines, IA*, Case No. 4:12-cv-00608-HCA, 2016 WL 3586713 (S.D. Iowa Mar. 31, 2016) (same).

So ordered this 28th day of September, 2018.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge